# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JANEEN NEWLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.,<br><br>　　　　Defendant. | Civil Action:<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff, JANEEN NEWLAND, by and through her attorneys, and hereby brings this Complaint against Defendant, PNC Financial Services Group, Inc., alleging as follows:

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA").

2. The TCPA was legislated to prevent companies like PNC Financial Services Group, Inc. from invading Americans' privacy, by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

**JURISDICTION AND VENUE**

3. Since Plaintiff has her residence in the state of Ohio, this Honorable Court has personal jurisdiction over Plaintiff.

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

5. Venue is proper in the District of Ohio pursuant to 28 U.S.C §1391(b)(1), as the defendant conducts business in the State of Ohio.

## PARTIES

6. Plaintiff is a natural person residing in Richland County, in the City of Shelby, in the State of Ohio and is *sui juris*.

7. Defendant is a Corporation doing business in the State of Ohio, with its principal place of business in Pittsburgh, Pennsylvania.

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (419) 571-97XX.

12. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (800) 544-3623, (269) 973-4000 and (866) 622-2657.

13. On information and belief based on the number, timing and significant frequency of the calls, Defendant's calls were placed with an automatic telephone dialing system ("auto-dialer").

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Janeen Newland.

15. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about December 11, 2018, Plaintiff called Defendant's company at phone number (800) 544-3623 and spoke with a representative of Defendant and requested that Defendant cease calling Plaintiff's cellular phone.

19. During the conversation, Plaintiff gave Defendant both her full name, social security number, and the Claimant's birth date, in order to assist Defendant in identifying her and accessing her accounts before asking Defendant to stop calling her cellular telephone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on December 11, 2018.

21. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after December 11, 2018.

22. Defendant continued to place collection calls to Plaintiff, at least, through September 16, 2019

23. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least forty-six (46) automated calls to Plaintiff's cellular phone.

### COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  47 U.S.C. § 227

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### COUNT II -  KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Janeen Newland, respectfully requests judgment be entered against Defendant, PNC Financial Services Group, Inc., for the following:

## COUNT I

a. Awarding Plaintiff statutory damages of $500.00 multiplied by the number of TCPA *negligent* violations alleged herein: forty-six (46) for a total of twenty-three thousand dollars ($23,000.00); and

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

## COUNT II

a. Awarding Plaintiff statutory damages of $1,500.00 multiplied by the number of TCPA *willful* violations alleged herein: forty-six (46) for a total of sixty-nine thousand dollars ($69,000.00); and

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

## JURY TRIAL DEMAND

32. Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted by,**

DATED:  December 26, 2019

By: */s/ Adam T. Hill*
Adam T. Hill
The Law Office of Jeffrey Lohman, P.C.
4740 Green River Rd., Suite 310
Corona, CA 92880
Tel. (657) 236-3525
E: AdamH@jlohman.com
Attorney for Plaintiff JANEEN NEWLAND